Following a jury-waived trial, a Superior Court judge found the defendant, John A. Barsell, guilty of two counts of aggravated assault and battery by means of a dangerous weapon. The defendant subsequently filed a motion for a new trial in which he claimed that the Commonwealth had withheld exculpatory evidence-a video recording (video) of an interview of one of the victims-despite the defendant's specific discovery request. The same judge denied the motion without an evidentiary hearing. Essentially for the reasons given by judge in his memorandum of decision denying the new trial motion, we affirm.[2]
Background. During pretrial discovery, the defendant requested "[t]he substance of any oral statements made by any witness, including the alleged victim(s) that have not been reduced to writing" and copies of "all drawings of the alleged crime scene." At trial, the arresting officer, Detective Kristopher Dees, testified on cross-examination that he had taken a statement from one of the victims, Davin Gordon, and that the statement had been video-recorded. Neither defense counsel nor the prosecutor was aware that this video existed. The judge, noting that a jury-waived trial is "a little different in the sense that I can give you a little extra time to try to determine, both of you, where this recording is," suspended Dees's testimony. The prosecutor proposed to bring the video to court the next day for defense counsel to view.
The following morning defense counsel watched the video, which was of extremely poor quality, but noted several elements of the interview that appeared to be "fodder for cross-examination" of Gordon. Defense counsel stated that if the Commonwealth had produced the video earlier, "I would have taken it to a forensic expert that I use on a regular basis" to see if it could be enhanced and transcribed. He also noted that during the interview Gordon drew a diagram, which the Commonwealth had failed to preserve.
Defense counsel "ask[ed] that the case be dismissed with prejudice" because of the Commonwealth's discovery violation. The judge denied defense counsel's request, finding no "egregious prosecutorial misconduct" warranting dismissal, but offered to "entertain a motion for costs at this stage [and] to suspend the trial, if you'd like, and let you have the opportunity to have [the recording] enhanced." Defense counsel declined the judge's offer.
In preparing for this appeal, appellate counsel placed a compact disc of the recording in "an ordinary Dell computer" and "was able to see and hear the video without difficulty." She obtained a transcript, which was included in the defendant's new trial motion.
Discussion. Judges may use their discretion to grant a new trial under Mass.R.Crim.P. 30(b), as appearing in 435 Mass. 1501 (2001), if it appears "justice may not have been done." Commonwealth v. Scott, 467 Mass. 336, 344 (2014). "Whether an appeal is from the granting or the denial of a motion for a new trial, an appellate court will examine the motion judge's conclusion only to determine whether there has been a significant error of law or other abuse of discretion." Commonwealth v. Grace, 397 Mass. 303, 307 (1986). "We accord special deference to the action of a judge on a motion for a new trial where that judge also was the trial judge, as here." Commonwealth v. Greineder, 458 Mass. 207, 245 (2010). Furthermore, "the judge, who had been the factfinder at the defendant's trial, was entitled to use his knowledge and evaluation of the evidence at trial not only in reaching a decision on the motion, but in determining whether to decide that motion without an evidentiary hearing." Commonwealth v. Devincent, 421 Mass. 64, 69 (1995).
The defendant argues that he is entitled to a new trial because the Commonwealth failed to produce the video-recorded statement notwithstanding his specific request, in violation of Brady v. Maryland, 373 U.S. 83 (1963), and Commonwealth v. Tucceri, 412 Mass. 401, 404-408 (1992).[3] The Commonwealth's failure to timely produce the video in the possession of a lead investigating detective is indeed inexcusable. See Mass.R.Crim.P. 14(a)(1)(A), as amended, 444 Mass. 1501 (2005) (prosecutor's discovery obligation extends to relevant items and information "in the possession, custody or control of the prosecutor, persons under the prosecutor's direction and control, or persons who have participated in investigating or evaluating the case and either regularly report to the prosecutor's office or have done so in the case"); Kyles v. Whitley, 514 U.S. 419, 437 (1995) ("[T]he individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police").
Nonetheless, the defendant's reliance on Brady is "not apt, as this is not a case where the evidence remained undisclosed until after trial." Commonwealth v. Molina, 454 Mass. 232, 237 (2009). See United States v. Agurs, 427 U.S. 97, 103 (1976) (violation of Brady rule "involves the discovery, after trial, of information which had been known to the prosecution but unknown to the defense" [emphasis supplied] ). The judge correctly viewed this case as one of delayed disclosure.
"Where the Commonwealth has delayed in disclosing evidence prior to trial, our principal concern is whether the defendant has been prejudiced by the delay." Commonwealth v. Stote, 433 Mass. 19, 22 (2000). "[W]ithout any showing of bad faith on [the prosecution's] part (as is the case here), a defendant is required to show material prejudice from the disclosure before a new trial can be considered." Commonwealth v. Hamilton, 426 Mass. 67, 70 (1997). "In measuring prejudice, 'it is the consequences of the delay that matter, not the likely impact of the nondisclosed evidence, and we ask whether the prosecution's disclosure was sufficiently timely to allow the defendant "to make effective use of the evidence in preparing and presenting his case." ' " Stote, supra at 23, quoting from Commonwealth v. Wilson, 381 Mass. 90, 114 (1980).
The judge did not abuse his discretion in denying the new trial motion. The judge offered to suspend the trial to permit defense counsel to make effective use of the video-recorded statement. Although counsel was aware of the statement's potential as "fodder for cross-examination," he declined the offer.[4] "[U]nless the undisclosed evidence is either virtually destructive of the defendant's case, ... or is strongly supportive of innocence,[5 ]... defense counsel should, when faced with delayed disclosure situations, seek 'additional time for investigative purposes.' " Commonwealth v. Baldwin, 385 Mass. 165, 176-177 (1982), quoting from Commonwealth v. Cundriff, 382 Mass. 137, 150 (1980). The judge's offer of time and funds to investigate the video "effectively counteracted any prejudice possibly flowing from" the Commonwealth's discovery violation. Commonwealth v. Gordon, 422 Mass. 816, 837 (1996). See Commonwealth v. Nolin, 448 Mass. 207, 224 (2007) ("Any consequences from the delay adverse to [the defendant] were sufficiently mitigated by the judge's grant of delay and funds to prepare the cross-examination of the [witness]").[6]
We are not persuaded by the defendant's contention that we should treat this as a case of withheld evidence or newly discovered evidence because the copy of the video that the Commonwealth provided to trial counsel (or the machinery made available to view it) was qualitatively different from the copy of the video provided to appellate counsel. A defendant seeking a new trial based on newly discovered evidence has the burden to demonstrate that reasonable diligence by defense counsel could not have uncovered the evidence in question. See Grace, 397 Mass. at 306 ; Commonwealth v. Sena, 441 Mass. 822, 830 (2004). Here, despite being offered time and funds, defense counsel declined an opportunity to exercise reasonable diligence. The judge did not err as a matter of law or abuse his discretion in denying the new trial motion.
Judgments affirmed.
Order denying motion for new trial affirmed.

Strictly speaking, before us are the defendant's consolidated appeals from the judgments and from the order denying his new trial motion. The only issues raised on appeal concern the disclosure of the video.

The defendant makes no independent argument concerning the loss or destruction of Gordon's diagram. See Commonwealth v. Olszewski, 401 Mass. 749, 753-755 (1988). Accordingly, we do not consider that issue separately.

Instead, he used what he learned from the video in cross-examination of Dees; he did not request to recall Gordon for further cross-examination.

We have reviewed the transcript of the video, and it is neither.

The judge stated that by "waiving the opportunity to further enhance the videotape," the defendant had "waived the argument that he was materially prejudiced by the delayed disclosure." We understand the judge simply as observing that the defendant could not decline additional time to investigate the video and then argue that the delayed disclosure prevented him from making effective use of it because of the initial poor playback quality.